UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH MCKENDALL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4722** |
| **MS. BLAKLEY, ET AL.** | **SECTION: "D"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Joseph McKendall, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Erica Ducre, Ms. Blakley, and the ACER rehabilitation program. With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil

of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that this civil action should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

In the complaint, plaintiff claims that he was "kicked out" of a program at ACER (Addiction Counseling Educational Resources) in Mandeville, Louisiana, after he called defendant Blakley, a program counselor, "the Devil." Blakley and defendant Ducre, another ACER counselor, allegedly then notified the Parole Board that plaintiff was terminated from the program and, apparently as a result, his parole was revoked. Plaintiff claims that he was wrongly terminated from the program because he was simply exercising his constitutional right of freedom of speech when he insulted Blakley.

Plaintiff filed this lawsuit on a form to be used by prisoners filing claims pursuant to 42 U.S.C. § 1983, a federal statute which "creates a private right of action for redressing violations of federal law by those acting under color of state law." Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).[2] The United States Fifth Circuit Court of Appeals has noted:

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] Specifically, § 1983 provides in pertinent part:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes

2

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). The only defendants in this lawsuit are ACER, a private corporation, and two of its employees, Ms. Blakley and Erica Ducre, both of whom are private individuals. Because the defendants are not state actors, the federal civil rights claims asserted against them must be dismissed.

Out of an abundance of caution, the Court further notes that plaintiff's lawsuit is subject to dismissal even if he did not intend to file it as a federal civil rights action. ACER, Blakley, and Ducre are non-diverse defendants, and no basis for federal jurisdiction is evident from the complaint.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

---

> to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress .... (Emphasis added.)

3

provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this third day of November, 2008.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**